```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALAMIN BEY, | |
|  | Civil Action No. 16-5605 (NLH) |
| Petitioner, | |
|  | |
| v. | OPINION |
|  | |
| STATE OF NEW JERSEY, et al, | |
|  | |
| Respondents. | |

APPEARANCES:
ALAMIN BEY
2 DUNCAN COURT
SEWELL, NJ 08080
    Petitioner Pro se

HILLMAN, District Judge

Pro Se Petitioner Alamin Bey files this writ of habeas corpus under 28 U.S.C. § 2254, which appears to challenge a 2002 New Jersey state court conviction for Endangering the Welfare of a Child.[1]

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall

---

[1] The Court notes that on December 6, 2016, it received a letter and exhibits via facsimile from attorney Rhashea Lynn Harmon El. To the extent Ms. Harmon intends to represent Petitioner in this matter, she must enter an appearance and submit any documents via electronic filing. See L. CIV. R. 5.2. If Petitioner remains pro se, but would like the documents submitted by Ms. Harmon, which include sensitive information such as social security numbers and birth certificates, to be docketed and considered by the Court, he should resubmit the documents with the appropriate security measures taken. Id.

>     be in writing (legibly handwritten in ink or
>     typewritten), signed by the petitioner or
>     movant, on forms supplied by the Clerk.

L.CIV.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014).  As a result, the Court will administratively terminate this matter and require Petitioner to submit his Petition on the correct form.  An appropriate order follows.[2]


Dated: December 6, 2016            /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[2] Without making any findings, the Court notes that, at the time of filing, Petitioner must be "in custody" for the conviction which he is challenging.  See 28 U.S.C. § 2254(a).  Additionally, Section 2254 requires that all grounds must first be exhausted in state court, 28 U.S.C. § 2254(b), and the petition must be filed within one year of the conviction becoming final, 28 U.S.C. § 2244(d)(1).