UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————————————
                                        :
ALAMIN BEY,                             :
                                        :
         Petitioner,                    :    Civ. No. 16-5605 (NLH)
                                        :
     v.                                 :    OPINION
                                        :
STATE OF NEW JERSEY,                    :
                                        :
         Respondent.                    :
———————————————————————————:

APPEARANCES:
Alamin Bey
2 Duncan Court
Sewell, NJ 08080
     Petitioner Pro Se

Maura Murphy Sullivan
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Alamin Bey files this Amended Petition for a

Writ of Habeas Corpus Under 28 U.S.C. § 2254, challenging his

2003 New Jersey state court conviction.[1]  (ECF No. 5.)  For the

———————————————————

[1] The Court presumes, for purposes of this Opinion, that Petitioner
is "in custody" within the meaning of § 2254 because he is under
"community supervision for life."  See Conover v. Cicchi, No. 09-
827, 2009 WL 1410746, at *1 (D.N.J. May 15, 2009) ("[a]s Petitioner
continues to serve the lifetime parole supervision portion of the
sentence, the Court presumes that Petitioner satisfies the 'in
custody' requirement as to challenging that conviction");
Slaughter v. Christie, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J.
Nov. 16, 2016) ("Plaintiffs who are not currently physically

reasons discussed below, Petitioner will be ordered to show

cause why the Amended Petition should not be dismissed as time-

barred.

## I.  BACKGROUND

On June 13, 2003, Petitioner entered a guilty plea to a

charge of third degree endangering the welfare of a child, in

violation of N.J.S.A. § 2C:24-4(a).  (Am. Pet., Ex. B. Judgment

of Conviction.)  He was sentenced to three years of probation,

community service, Megan's Law requirements and community

supervision for life.  (Id.)  Petitioner did not file a direct

appeal or a petition for post-conviction relief.  (Am. Pet. ¶¶

8, 10.)

On September 12, 2016, Petitioner filed his initial

Petition.  (ECF No. 1.)  In response to an Order from this

---

incarcerated, but are under [parole supervision for life], are in custody").

If in fact Petitioner is not considered "in custody" for purposes of § 2254 relief, and he intended to file a petition for a writ of error coram nobis, such relief is not available before this Court.  See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam) ("coram nobis is not available in a federal court as a means of attack on a state criminal judgment"); Drake v. Commonwealth, No. 17-1310, 2017 WL 3444479, at *1 (3d Cir. Apr. 28, 2017) (same).  Rather, Petitioner must seek coram nobis relief in state court.  Obado, 328 F.3d at 718; Goodman v. United States, 140 F. App'x 436, 437 (3d Cir. 2005) ("[o]nly the court that handed down the judgment of conviction for those offenses may entertain such a petition").

Court, Petitioner thereafter filed an Amended Petition which complies with all local rules. (ECF No. 5.)

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant for purposes of this case, the limitations period begins to run when the judgment becomes "final."[2] A state-court criminal judgment

---

[2] The statute states in full that the limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication in the Petition that any subsection other than (A) is applicable here.

becomes "final" within the meaning of § 2244(d)(1) by the
conclusion of direct review or by the expiration of time for
seeking such review, including the 90-day period for filing a
petition for writ of certiorari in the Supreme Court of the
United States.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.
2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999);
U.S. Sup.Ct. R. 13; see also 28 U.S.C. § 2244(d)(1)(A) (the 1-
year period begins on "the date on which the judgment became
final by the conclusion of direct review or the expiration of
the time for seeking such review").

Where applicable, the 1-year limitation period is tolled
during the time that a valid state post-conviction review is
pending.  See 28 U.S.C. § 2244(d)(2) ("The time during which a
properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of
limitation under this subsection.").  An application for state
post-conviction relief is considered "pending" within the
meaning of § 2244(d)(2), and the limitations period is
statutorily tolled, from the time it is "properly filed," during
the period between a lower state court's decision and the filing
of a notice of appeal to a higher court, Carey v. Saffold, 536
U.S. 214 (2002), and through the time in which an appeal could
be filed, even if the appeal is never filed.  Swartz, 204 F.3d

4

at 420-24.  This tolling does not include any petition for writ
of certiorari in the United States Supreme Court for review of a
denial of post-conviction relief.  Jenkins v. Superintendent of
Laurel Highlands, 705 F.3d 80, 85 n. 5 (3d Cir. 2013) (citing
Lawrence v. Florida, 549 U.S. 327, 332 (2007)).

A petitioner may be able to overcome the time bar if he can
show a basis for equitable tolling.  The Supreme Court has
stated that, "[g]enerally, a litigant seeking equitable tolling
[of the AEDPA statute of limitations] bears the burden of
establishing two elements: (1) that he has been pursuing his
rights diligently, and (2) that some extraordinary circumstance
stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418
(2005); see also Jenkins, 705 F.3d at 89.  "There are no bright
lines in determining whether equitable tolling is warranted in a
given case."  See Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir.
2011).  The Third Circuit has explained that "equitable tolling
is appropriate when principles of equity would make rigid
application of a limitation period unfair, but that a court
should be sparing in its use of the doctrine."  Ross v. Varano,
712 F.3d 784 (3d Cir. 2013) (citing Pabon, 654 F.3d at 399;
Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for
equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling
> purposes is reasonable diligence, not maximum,
> extreme, or exceptional diligence. Holland,
> 130 S.Ct. at 2565. "This obligation does not
> pertain solely to the filing of the federal
> habeas petition, rather it is an obligation
> that exists during the period appellant is
> exhausting state court remedies as well."
> LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir.
> 2005).... The fact that a petitioner is
> proceeding pro se does not insulate him from
> the "reasonable diligence" inquiry and his
> lack of legal knowledge or legal training does
> not alone justify equitable tolling. See
> Brown v. Shannon, 322 F.3d 768, 774 (3d Cir.
> 2003).

Ross, 712 F.3d 784. Extraordinary circumstances may be found

where: (1) the petitioner has been actively misled; (2) the

petitioner has in some extraordinary way been prevented from

asserting his rights; or (3) where the petitioner has timely

asserted his rights in the wrong forum. See Fahy v. Horn, 240

F.3d 239, 244 (3d Cir. 2001) (citing Jones, 195 F.3d at 159).

However, "[i]n non-capital cases, attorney error,

miscalculation, inadequate research, or other mistakes have not

been found to rise to the 'extraordinary' circumstances required

for equitable tolling." Id. (citations omitted).

   Here, Petitioner was sentenced on June 13, 2003. Under New

Jersey state law, Petitioner had 45 days after the imposition of

the sentence in which to file a direct appeal. N.J. Ct. R. 2:4-

1(a). Petitioner concedes that he did not pursue a direct

appeal. Thus, Petitioner's conviction became final for purposes

of § 2244(d) — and the one-year statute of limitations period
began to run — on July 28, 2003, when the 45 day period in which
to file a direct appeal expired.  Because he did not file a
petition for post-conviction relief, statutory tolling is not
applicable.  Therefore, unless he is entitled to equitable
tolling, the statute of limitations would have expired a year
later, on July 28, 2004, and the instant Amended Petition would
be approximately 12 years late.

In this case, nothing in Petitioner's submissions suggests
that he has been pursuing his rights diligently and some
extraordinary circumstance stood in his way.  He does state that
"throughout the 13 year horrific and terrorizing ordeal, each
time an attorney would raise the issue and attempt to pursue and
investigate, the attorney would disappear."  (Pet. ¶ 12.)
However, Petitioner does not provide any further facts.

While attorney abandonment can constitute extraordinary
circumstances, see Jenkins v. Superintendent of Laurel
Highlands, 705 F.3d 80, 89 (3d Cir. 2013), Petitioner has failed
to provide sufficient information to justify equitable tolling.
Ross, 712 F.3d at 800 (holding attorney malfeasance may warrant
equitable tolling "when combined with reasonable diligence on
the part of the petitioner in pursuit of his rights").  He has
generally alleged that attorneys would "disappear," but provides
no dates; no specifics as to how the attorneys "disappeared";

and no information as to what actions he took during this 13 year span to pursue his rights.  Under these circumstances, equitable tolling of the statute of limitations does not appear to be warranted.  And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day v. McDonough, 547 U.S. 198, 210, (2006), the Petition is subject to dismissal as time-barred.

The Court, however, cannot rule out the possibility that Petitioner might have valid grounds for equitable tolling of the instant Petition.  See Day, 547 U.S. at 210 (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position).  This Court will accordingly grant Petitioner 30 days to show cause why the Amended Petition should not be dismissed as untimely.

**III.  CONCLUSION**

Based upon the foregoing, the Court will require Petitioner to show cause why the Petition should not be dismissed as untimely.  An appropriate Order follows.


Dated: November 8, 2017          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.